UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

Case No. 84-20601

v.

Hon. John Corbett O'Meara

DEMETRIOUS KYRIAZAKOS

    Defendant,

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR A WRIT OF ERROR CORAM NOBIS

Before the court is Defendant's Motion for a Writ of Error Coram Nobis and a corresponding reduction in his sentence, filed on April 8, 2008. The matter is fully briefed, and the court has chosen to rely on those briefs in making its decision. As explained below, the court grants Defendant's motion and reduces Defendant's sentence to the approximate amount of time he served in federal confinement, four months.

### FACTUAL BACKGROUND

The circumstances that have led to this motion are indeed moving. Kyriazakos by all accounts is emblematic of the American dream. Having come here in 1969, he has built a business, raised a family, and seems ready to enjoy the fruits of his labors. Along that road, Kyriazakos crossed paths with the law. In 1985, he pled guilty to one count of conspiracy for his involvement in a stolen goods scheme. A Rule 11 agreement stipulated that in return for his plea and the cooperation he had given government investigators, "the maximum term of imprisonment [would] not exceed one year" and the government would recommend that Kyriazakos not be deported.

The trial court held to the agreement and sentenced Kyriazakos to "[o]ne (1) year custody under the provisions of 18 USC § 4205(f); to be released as if on parole after service of 1/3 of this term." In early 1986, the court specified that Kyriazakos could serve the confinement portion of his sentence in a federal medical facility. Clearly, the sentencing judge's intent was to subject

Kyriazakos to nothing more than a short custodial sentence. Kyriazakos served that sentence and has lived since then free of any criminal issues.[1]

Congress in 1996 expanded the definition of the term "aggravated felony" for purposes of deportation in the Immigration and Nationality Act to include theft offenses and conspiracies to commit theft that were punishable by one year or more in prison. See 8 U.S.C. § 1101(a)(43)(G) & (U). "The term applies regardless of whether the conviction was entered before, on, or after September 30, 1996." Id. This became relevant to Kyriazakos in June 2006 when he applied for United States citizenship. Because of his newfound status as an "aggravated felon", Kyriazakos was denied citizenship and ordered to be deported.[2]

## LAW AND ANALYSIS

Initially, the court is very aware of the status of Sixth Circuit law on this matter. A writ of error coram nobis is used to collaterally challenge a sentence or conviction when a section 2255 motion or writ of habeas corpus is unavailable, i.e. when an individual has served his sentence and is no longer in custody. Blanton v. United States, 94 F.3d 227, 231 (6th Cir. 1996). A coram nobis petition is used to review "errors of the most fundamental character." Id. In order to receive this relief, Kyriazakos must demonstrate the following: (1) an error of fact, (2) that is unknown at the time of trial, (3) that is fundamentally unjust in character and would have altered the outcome of the challenged proceeding if it had been known. Blanton, 94 F.3d at 231. Further, the court recognizes that Kyriazakos bore the risk of changes in the law that would impact his rights when he signed the plea agreement. United States v. Bradley, 400 F.3d 459, 463 (6th Cir. 2005). The AUSA's statement that he would recommend that Kyriazakos not be deported does not bind the INS. See United States v. Camacho-Bordes, 94 F.3d 1168, 1175 (8th Cir. 1996); San Pedro v. United States, 79 F.3d 1065, 1071 (11th Cir. 1996).

That said, applying the government's interpretation of Sixth Circuit precedent to the facts

---

[1] In today's judicial environment, the court's actions seem next to impossible, but the law was much different in 1984 (prior to the Sentencing Guidelines) and afforded the trial judge much more discretion than the does the law today.

[2] Presently, Kyriazakos is free on bond. He has immigration counsel and is appealing the deportation order to the Board of Immigration Appeals. Also, both parties agree that Kyriazakos' offense meets the one year requirement of section 1101.

of this case would create a manifest injustice that shocks the conscience of this court. Instead, the court finds the law in the Southern District of New York much more persuasive and consistent with the pursuit of justice in this matter, and in the final analysis, in line with Blanton. Blanton, 94 F.3d at 231.

Specifically, the court cites to United States v. Ko, 1999 WL 1216730 (S.D.N.Y. 1999). The facts in Ko are painfully similar to Kyriazakos' situation. Ko came to this country in 1975, and became a permanent resident in 1980. His wife and two children were citizens. In 1993, Ko and four others were indicted for trying to bribe a corrupt INS agent. Ko responded by admitting his guilt and cooperating with the government. In return, he received a sentence of a year and one day, which allowed him to earn "good time" credit on his sentence. Like Kyriazakos, Congressional legislation completely altered Ko's status in this country because it subsequently labeled Ko's conviction an aggravated felony. As such, the INS sought to deport Ko which forced him to seek extraordinary relief through an Error Coram Nobis petition.

The Ko court found that the essential question was "whether or not we have the discretion to provide relief where subsequent events have turned the conviction into an instrument of gross injustice." Id. at *5. In answer, Ko states that deportation resulting from post-conviction changes to immigration law is a sufficient basis for granting error coram nobis relief. The error being the fact of the eventual deportation which was unknown to the court at the time of sentencing and which would have likely changed Ko's sentence. Id. at * 3-4.

The reasoning in Ko is applicable to this matter. What remains of the record indicates that the intent of the court and the parties was to grant Kyriazakos a second chance and allow him to remain in this country. Like Ko, Kyriazakos was granted this chance through his cooperation with authorities and because he took almost immediate responsibility for his actions. Since then, there is nothing to indicate that Kyriazakos has been anything but a model citizen.[3] Regardless, the government contends that agreement and the sentencing judge's clear intent should be ignored for its interpretation of the hard letter of the law. This court disagrees.

The error of fact that was unknown at the time and is fundamentally unjust is the fact that

---

[3]It is disturbing to note that the record implies that had it not been for Kyriazakos' desire to become a citizen, he would not be in this predicament.

Kyriazakos' sentence almost 25 years after the fact will likely include deportation, something that would have almost certainly changed the sentence had the court known the implications of the sentence it handed down.  See Blanton, 94 F.3d at 231.  Looked at another way, to include deportation as a consequence of Kyriazakos' 1984 conviction is indeed excessive and unusual, especially in light of the fact that the sentencing judge's clear intent was to limit the consequences of this conviction.  In this sense, avoiding deportation is not the basis for granting this petition.  It cannot be because whether Kyriazakos will be deported has yet to be decided.  Rather, the basis for granting this petition ultimately rests in the court's interest in allowing the government and Kyriazakos, as well as the court, to remain true to the agreement that they signed almost 25 years ago, and the understandings upon which it was based.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Error Coram Nobis relief filed on April 8, 2008, is GRANTED.  As such, the court reduces Kyriazakos' sentence to the approximate amount of time that he served in federal detention, four months.  Finally, the court hopes that the Sixth Circuit will use this as an opportunity to reconsider its stance on the relevant issues at law and the effects that it has on individuals such as Kyriazakos.


    s/John Corbett O'Meara
    United States District Judge

Date:  August 29, 2008


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 29, 2008, by electronic and/or ordinary mail.


    s/William Barkholz
    Case Manager